Nov. Term,
1852.

Malone
v.
McClain.

made with the persons played with, or with some third person, a spectator of the game, and is bad for uncertainty.

*Per Curiam.*—The judgment is affirmed.

*A. L. Robinson*, for the state.

*J. Pitcher*, for the defendant.

---

Malone *v.* McClain and Another.

Debt upon an appeal-bond. The condition of the bond was as follows: That whereas *M.* had, on the day of executing the bond, obtained an appeal from the judgment of the *Hendricks* Circuit Court on said day rendered against him in a case wherein *John Doe*, on the demise, &c., was plaintiff, and said *M.* was defendant; now should said *M.* duly prosecute his said appeal and pay any judgment or costs which might be rendered or affirmed against him, then the bond was to be void. The first breach assigned was, that said *M.* did not duly prosecute his appeal from the judgment of said Court in said suit, &c., against him, according to the condition of said bond, but therein wholly failed. *Held*, that the breach was bad. The second breach, after alleging, as in the first, that the appeal had not been duly prosecuted, averred that the appeal was dismissed by the Supreme Court on, &c., whereby the plaintiff was kept out of the occupation of 160 acres of land, the rent of which was worth, &c. *Held*, that the plaintiff's claim for rents and profits was not provided for by the condition of the bond, and that the breach was bad. The third breach, after alleging, as in the first, that the appeal-bond had not been duly prosecuted, averred that the appellant had not paid the judgment and costs which were adjudged against him on, &c., by the Supreme Court for —— dollars and —— cents, according to the condition of said bond, but therein wholly failed, to the plaintiff's damage, &c. *Held*, that, were there no other objection to the breach than its omitting to state the amount of said judgment, this omission would show it to be insufficient.

Wednesday,
December 15.

ERROR to the *Hendricks* Circuit Court.

Blackford, J.—The plaintiff in error brought an action of debt against the defendants in error on an appeal-bond. The declaration sets out the condition of the bond, and assigns three breaches. General demurrer to each breach, and the demurrers sustained. Final judgment for the defendants.

The condition of the bond is as follows:

Nov. Term,
1852.

· Malone
v.
McClain.

That whereas the said *McClain* has this day obtained an appeal from the judgment of the *Hendricks* Circuit Court this day rendered against him, in a case wherein *John Doe*, on the demise of *Isaac Malone*, was plaintiff, and said *McClain* was defendant, now should said *Mc-Clain* duly prosecute his said appeal, and pay any judgment or costs which may be rendered or affirmed against him, then this obligation to be void.

The defendants, therefore, were bound by the bond (if the appeal failed) to pay the judgment appealed ·from, and such judgment for damages and costs as the Supreme Court might render, in the case, against the appellant.

The first breach assigned is as follows: That said *McClain* did not duly prosecute his appeal from the judgment of said Court in said suit of *John Doe*, on the demise of *Isaac Malone*, against him, according to the condition of said bond, but therein wholly failed.

This breach is clearly bad. What was recovered by the judgment appealed from is not stated in the condition of the bond, nor is it shown by an averment. Neither does it appear that any judgment against the appellant was rendered by the Supreme Court. Suppose the contingency (the failure of the appeal) on which the defendants' liability depended is shown, with sufficient certainty, to have happened, the amount of that liability is not stated.

Mr. *Chitty* gives a precedent of a declaration on a recognizance of bail in error. The recognizance, and the condition, are first set out (the condition reciting the amount, &c., of the judgment below, and the issuing of the writ of error); then comes the judgment of affirmance by the Court above with the judgment for damages and costs for the delay occasioned by the writ of error; and, lastly, there is an averment of the non-payment of the judgment of the Court below or of that of the Court above. 2 Chitty's Pleadings, 479.

The first breach now before us, tested by this precedent,

(changing what is necessary to be changed,) is very de-fective.

The second breach, after alleging, as in the first, that the appeal had not been duly prosecuted, avers that the appeal was dismissed by the Supreme Court on the 29th of *November*, 1850; whereby said *Malone* was kept out of the occupation of 160 acres of land, the rent of which was worth 150 dollars.

Supposing this breach to show (which was evidently its object) the plaintiff's right to certain rents and profits, of which the appeal had deprived him, they are not recoverable in this action. The statute on the subject is as follows: "When any appeal is taken to the Supreme Court from a judgment in waste, or for the recovery of land, or the possession thereof, the condition of the appeal-bond, in addition to the matters hereinbefore prescribed, shall further provide that the appellant shall also pay and satisfy all damages which may be sustained by the appellee for the mesne profits of the premises recovered, or for any waste commited thereon, as well before as during the pendency of such appeal." R. S. p. 633. There being no such additional provision in the condition of the bond now sued on, the plaintiff's claim for rents and profits is not provided for by the condition.

This second breach, it may be observed in passing, is silent as to any judgment for money against *McClain* either by the Circuit or Supreme Court.

The third breach, after alleging, as in the first, that the appeal-bond had not been duly prosecuted, avers that the appellant had not paid the judgment and costs which were adjudged against him on the 29th of *November*, 1850, by the Supreme Court, for —— dollars and —— cents, according to the condition of said bond, but therein wholly failed; to the plaintiff's damage 100 dollars.

This third breach relies on the defendants' non-payment of a judgment of the Supreme Court against the appellant; but it omits to state the amount of that judgment. Were there no other objection to the breach, this omission would show it to be insufficient.

*Per Curiam.*—The judgment is affirmed, with costs.

*C. C. Nave*, for the plaintiff.

*H. Brown* and *I. Brown*, for the defendants.