*W. R. Pierse* and *H. D. Thompson*, for appellant.

*Isaac Van Devanter*, for appellee.

---

## JONES and Another *v.* DRONEBERGER.

APPEAL BOND.—The statute extends the operation of an appeal bond to cover rents, and profits, though they are not mentioned therein.

SAME—AMENDMENT.—When the bond is defective in that particular, the formal defect should be suggested in the complaint. Where it was not, the amendment might have been made on the trial, and will be regarded as made.

APPEAL BOND.—Appeal was taken in term, the penalty of the bond fixed by the court, the security to be given in it named and approved by

the court, and the time for filing the bond specified, and a bond corresponding was filed in term time, except with different surety, transcript sent up and execution stayed as if the bond was entirely regular.

*Held,* that the obligors could not set up the objection that the bond was not signed by the surety approved by the court.

*Held,* also, that the appeal was perfect without any bond.

APPEAL from the *Bartholomew* Circuit Court.

PERKINS, J.—Complaint for review. Judgment against the plaintiffs on demurrer to the complaint.

The complaint for review alleged that four errors occurred in the original suit.

1. In overruling the demurrer to the complaint in that suit.

2. In sustaining the demurrer to the second paragraph of the answer in that suit.

3. In sustaining the demurrer to the third paragraph of the answer in that suit.

4. In rendering judgment for the plaintiff in that suit without hearing evidence.

The first error alleged does not exist.

The original suit was upon an appeal bond; that bond did not expressly purport to cover rents, etc., but the bond was operative to cover all damages in the case by virtue of the statute of the state. *Ward* v. *Buell,* 18 Ind. 104. The complaint in the case, however, did not suggest the defect in the bond, and was not as certain as it might have been in showing the amount of damages; but it gave the *data* whereby, by calculation, they could be made certain, and no motion was made for greater certainty. The complaint, as well as the statute under which the bond was taken, as far as appears, differed materially from those in the case of *Malone* v. *McLain,* 3 Ind. 532. The old statute did not extend the operation of the appeal bond to cover rents and profits where they were not mentioned.

The bond in the case at bar was defective in that particular, but the legal operation of it extended to rents and profits, and the formal defect should have been suggested

in the complaint. It was not, but might have been, on the trial, by amendment. The amendment will be regarded as made. 10 Ind. 296; 2 G. & H. 278.

The fourth error does not exist. The record of the original suit shows that the cause was submitted to the court; that, upon the evidence adduced, the court found, etc.; that the defendants moved for a new trial, on the ground that the finding was contrary to the "evidence in the case;" and that the motion was overruled, etc., and no exception was taken, etc.

The two remaining errors alleged present a common point, thus: An appeal was prayed to the Supreme Court, in term time, in a given suit. The appeal was allowed, the penalty of the appeal bond fixed by the court, the security to be given in it named and approved by the court, and the time for the filing of the bond specified. A bond corresponding was filed in time, except with different surety; the transcript in appeal was sent up to the Supreme Court; execution was withheld below, as though the appeal had been entirely regular; and the question now is, was the appeal bond void, and can the obligors set up the objection, on account of the bond not being signed by the surety approved by the court? This is not the question presented in *Pepper et al.* v. *The State,* 22 Ind. 399. There the parties defended because the bond had been delivered, to take effect, in an imperfect state, without their consent. Here, the bond was executed and delivered by all the obligors as a complete instrument, but the defense is, that, they not being the obligors approved by the court, the bond is a nullity for that reason.

Nor is the question now presented the one decided in *Burke* v. *Howard,* 15 Ind. 219. In that case the bond was in accordance with neither the requirements of the statute nor the consent of the obligee.

The bond in question was not a part of the appeal to the Supreme Court. That was perfect without any bond. The object and effect of the bond were, or were intended to be,

to stay execution on the judgment below, and make the appellee secure during the pendency of the appeal. The bond was for the individual benefit of the appellee; and the provisions in the statute requiring the court to approve it in term time, and the clerk in vacation, were inserted for the purpose of securing a good bond for the appellee, and of creating an arbiter to decide between the parties where they might not be able to agree as to what, in the given case, was a good bond; and the question is, can not the parties waive the approval of the court or clerk in any given case, where their own individual interests are alone at stake, and mutually agree upon a bond? If they can, and do so, the bond given in such case is valid. Delay of execution is a good consideration for the bond. And if they can make such waiver, we must presume it was shown to have taken place in this case, in the original suit on the bond, as the evidence is not in the record, and all presumptions must be in favor of the judgment.

We think the waiver could be made.

*Per Curiam.*—The judgment below is affirmed, with costs.

*S. Stansifer*, for appellant.

Note.—A petition for rehearing was filed in this case January 25, 1865, and overruled.