# IN GENERAL TERM, 1873.

CONRAD BUSH, Appellant, *v.* CHARLES FETROW, ET AL.

APPEAL BOND—*suit on*—
DAMAGES—*for rents, &c.*

Plaintiff alleges that defendant remained in possession of property pending an appeal for a judgment for possession, and by reason thereof plaintiff lost his rents, and profits.

*Held:* That damages for rents accruing after the judgment appealed from was rendered, and before possession was' obtained by the plaintiff, cannot be recovered in an action on the appeal bond. The conditions of the bond, under the code, do not embrace rents and profits to be accounted as damages, for detention of property during an appeal to a court of error.

*Finch & Finch,* for appellant.
*Klingensmith,* for appellee.

BLAIR, J.—This is a suit upon an appeal bond. The plaintiff avers that he obtained a judgment at Special Term on the 18th of May, 1872, against the defendant, Porter, for the sum of $90, and for possession of certain real estate, from which judgment the said defendant appealed to General Term, and filed the bond in suit with Charles Fetrow, as his surety. The bond is conditioned that "if the said Porter shall prosecute his appeal to effect, and without delay, and pay such judgment as shall be rendered against him on said appeal, then this bond to be void, else in force."

The plaintiff avers that the judgment was affirmed on appeal. The breach of the bond alleged in the first paragraph of the complaint is, that the defendant, Porter, remained in possession of the real estate pending the appeal, and continued in possession until November, 1872, by reason of which the plaintiff avers that he lost the value of the rents of the property.

A second paragraph of the complaint is substantially the same, the plaintiff averring that the defendant, Porter, remained in possession of the real estate, receiving the rents and profits thereof, until November, 1872.

A demurrer of the defendant, Fetrow, was sustained to each paragraph of the complaint, and the plaintiff declining to plead further, judgment was rendered for the defendant.

The plaintiff appeals from this judgment.

The only question presented is this: Can the plaintiff, in an action on the appeal bond, recover of the surety damages for rents accruing after the judgment appealed from was rendered, and before possession was obtained by the plaintiff?

In the case of Doe v. Daniels and others, decided by the Supreme Court in 1841, (6 Blackf. 8) it was held, in a suit upon a bond given on an appeal to the Supreme Court, from a judgment rendered in an action of ejectment by a Circuit Court, that the plaintiff could not recover *mesne profits*; in other words, that the condition of the bond did not embrace damages not included in the judgment of the Circuit Court. The provisions of the statute then in force, in reference to bonds on appeal from Circuit Courts to the Supreme Court, were in legal effect the same as the general provisions now embraced in sections 555 and 563, of the code, (2 G. & H., pages 271 and 274).

In the Revised Statutes of 1843, in addition to the general provisions in regard to appeal bonds, which are in the exact words of our present statutes, (see sections above cited),

there was an additional section, providing that when any appeal is taken from a judgment "for the recovery of land or the possession thereof, the condition of the appeal bond, in addition to the matters herein before prescribed, shall further provide, that the appellant shall also pay, and satisfy all damages which may be sustained by the appellee for the *mesne profits* of the premises recovered, or for any waste committed thereon, as well before as during the pending of such appeal." R. S.. 1843, page 633.

Under this statute the case of *Malone* v. *Mc Clain and another*, 3 *Ind.*, 532, was decided, and it was there held that the plaintiff could not recover on the bond for rents, and profits, because the condition of the bond in suit was only such as were required by the general provisions covering appeal bonds, and did not conform to the conditions required by the statute in cases of appeals from judgment for the possession of real estate.

We have no provision in our present code corresponding with the statute of 1843, above cited.

In the act concerning the unlawful detention of lands, and the recovery thereof, (2 G. & H. 630) it is provided that an appeal may be taken from a judgment of a Justice of the Peace, or Circuit Court, on filing bond securing damages, and costs, &c.

On such appeals the cause is tried *de novo*, and section 11 of the act provides that, "On the trial of any cause under this act, either before the Justice of the Peace, or on appeal, the damages for the detention of the premises shall be estimated up to the time of each trial, while damages on appeal by the defendant shall be deemed as covered by the appeal bond."

We do not think the provisions of this section make the conditions of an appeal bond in such cases, cover damages beyond the trial of the cause upon its merits, at which time

a judgment may be rendered. for all damages sustained up to the time of the last trial.   Where an appeal is taken to a court for the correction of errors, the provisions of this section do not apply.

In the case of *Jones and another* v. *Droneberger*, 23 *Ind.*, 74, it is said that though an appeal bond did not expressly purport to cover rents, it operates to cover all damages in the case by virtue of the statute of the State.   No statute is cited in support of the ruling ; but the case of *Ward and another* v. *Buell*, 18 *Ind.*, 104, is referred to as sustaining the views of the Court.   In that case the appeal bond was given on an appeal to the Supreme Court, from an ordinary judgment of a Circuit Court, and the question in the case at bar is not discussed or alluded to. ˙ Section 790 of the code, 2 G. & H. 333, is cited, and construed in that case, but we fail to see that the construction of that section aids us in the present case.   It provides that no bond shall be "void for want of form of substance, or recital, or condition, nor the principal or surety be discharged ; " but they shall be "bound, to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in the bond, or recognizance."

This section will not allow us to extend the obligations of a bond, beyond the terms of the statute requiring it to be given, however defective the bond may be in form, or substance.   It is the absence of any statute expressly *extending* the obligations of the bond in suit, so as to cover rents and profits, during an appeal to a court of error, that prevents us from sustaining the complaint in the case at bar.   It is doubtless an omission ; but if we should hold that the statute of 1843, is in force, it would not aid the plaintiff, for under that statute it was decided that the conditions must be set out in the bond.   Statute 1843, *supra;* also, *Malone* v. *Mc Clain, supra.*   Under our present code, after verdict, we

might hold that under the provisions of section 790, (*supra*) the defect in the bond might be deemed cured, but as the question is here presented on demurrer, we do not decide it. We have no doubt, but that this court has the power to prescribe that bonds, in such cases, shall be given with conditions covering accruing rents, and profits, but as the bond in suit does not contain any provisions extending that far, and there being no statute having that effect, it follows that the ruling of the Court at Special Term was right.

Judgment affirmed.

NOTE.—See *Sedgwick on Damages, pp.* 452, 453, *and notes.* See, also, *p.* 86, *and notes.*