BLACK ET AL. *v.* THE STATE, EX REL. MCALLISTER, PROSE-
CUTING ATTORNEY.

PLEADING.—*Recognizance.*—*Action for Forfeiture.*—*Prosecuting Attorney.*—
*Practice.*—In an action by the State on a forfeited recognizance, the com-

plaint is not insufficient on demurrer, merely because such action is brought on the relation of the prosecuting attorney, as his name may be struck out on motion.

SAME.—*Defective Recognizance.*—A defective recognizance is cured by section 790, 2 R. S. 1876, p. 311.

SAME.—*Supreme Court.*—*Confession of Error.*—A judgment rendered on a defective recognizance, in favor of the State, will be reversed on appeal to the Supreme Court, on a joinder in error "by the appellee," in part denying, and in part confessing, the errors alleged.

From the Madison Circuit Court.

*H. D. Thompson,* for appellants.

*C. A. Buskirk,* Attorney General, and *A. W. Thomas,* for appellee.

PERKINS, J.—Suit by the State, on the relation of Augustus S. McAllister, prosecuting attorney, etc., on a forfeited recognizance.

A demurrer to the complaint, for want of a proper party plaintiff and for want of facts, was overruled.

It is claimed that the suit should have been brought by the State without a relator.

The relator's name may be struck out as surplusage. *Hawkins* v. *The State, ex rel.,* etc., 24 Ind. 288.

Answer, in general denial.

Trial; judgment for plaintiff.

A motion for a new trial was overruled, as was also a motion in arrest of judgment; and these rulings are assigned as errors.

It is claimed that the indictment and the recognizance were invalid, and, hence, improperly admitted in evidence.

The recognizance was valid. It could hardly be otherwise, under section 790, 2 R. S. 1876, p. 311, touching defective bonds, etc.

We see no objection to the indictment.

The joinder in error by the appellee is as follows:

" Comes the appellee, and says there was no error in overruling the demurrer to the complaint, or in overruling appellant's motion in arrest of judgment in said cause. And

appellee confesses that the court below erred in overruling appellant's motion for a new trial."

Upon this confession, the judgment is reversed, and the cause remanded for a new trial, etc.