Opp *v.* TenEyck *et al.*

Filed Jan. 6, 1885.

---

No. 11,213.

Opp *v.* TenEyck et al.

Appeal Bond.—*Liability of Obligors.—Rent of Land Pending Appeal in Action for Possession.—Statute Construed.*—The obligors upon an appeal bond, given by a judgment defendant on appeal to the Supreme Court from a judgment for the possession of real estate, are liable for the amount of the money judgment, and for the rental value of the real estate pending the appeal, under section 44, chapter 37, R. S. 1843, which was continued in force by section 802 of the code of 1852.

Same.—They are thus liable under section 790, code of 1852 (section 1221, R. S. 1881), although there may be no stipulation in the bond, that the obligors shall be liable for the mesne rents. *Epstein* v. *Greer*, 85 Ind. 372, criticised.

From the Superior Court of Tippecanoe County.

*B. W. Langdon, J. R. Coffroth* and *T. A. Stuart,* for appellant.

*F. B. Everett, M. Jones, J. S. Miller* and *W. F. Severson,* for appellees.

ZOLLARS, J.—In April, 1880, appellee TenEyck recovered a judgment against Francis L. Bittings and others for the possession of real estate, and for $566.66 for the detention thereof.

During term time an appeal was prayed to this court from that judgment, and an appeal bond, fixed and approved by the court, was filed. The judgment was affirmed by this court, and in March, 1883, appellee TenEyck was put into the possession of the real estate. This action is upon the appeal bond executed by Francis L. Bittings as principal, and appellant Opp as surety. Judgment was rendered against

these obligors in the court below, in favor of TenEyck, not only for the amount of the money judgment in the action for the possession of the real estate, but also for the rental value of the real estate from the rendition of that judgment until the possession was restored to him. Whether or not, under the bond and the law, the obligors are liable for the rents pending the appeal, is the controlling question presented by the record.

The appeal bond, after reciting the judgment appealed from, closes with the following: " Now, if the said defendants will duly prosecute their appeal, and abide by and pay the judgment and costs which may be rendered or affirmed against them, then this obligation shall be void, otherwise in full force."

It is very apparent that if the obligors are liable for the rents, it is not by virtue of anything expressed in the bond. Unless there was some statute in force when the bond was executed, fixing such liability, the court below was in error in charging the obligors with the rents.

Section 555 of the code of 1852, 2 R. S. 1876, p. 240, provided: " When an appeal is taken during the term at which the judgment is rendered, it shall operate as a stay of all further proceedings on the judgment, upon an appeal bond being filed by the appellant, payable to the appellee, with condition that he will duly prosecute his appeal, and abide by and pay the judgment and costs which may be rendered, or affirmed against him, with such penalty and surety as the court shall approve," etc. This section provided, in broad terms, that the appeal and bond should stay all proceedings in the way of enforcing the judgment, pending the appeal, but contained no provision to secure the appellee against the loss of rents pending the appeal, in a case like this. That all proceedings, in the way of enforcing a judgment for the possession of real estate, should be stayed by the filing of a bond that would not protect the judgment plaintiff against the loss of rents pending the appeal, would seem to be a hardship. Evidently, here is an omission, such as was meant to be provided for by section 802 of the code of 1852. 2 R. S. 1876,

p. 314. That section provides as follows: "The laws and usages of this State relative to pleadings and practice in civil actions and proceedings, not inconsistent herewith," (the code) "and as far as the same may operate in aid hereof, or to supply any omitted case, are hereby continued in force." We think that, by this section, section 44 of chapter 37, R. S. 1843, p. 633, was continued in force. That section is as follows: "When any appeal is taken to the Supreme Court from a judgment in waste, or for the recovery of land, or the possession thereof, the condition of the appeal bond, in addition to the matters hereinbefore prescribed, shall further provide, that the appellant shall also pay and satisfy all damages which may be sustained by the appellee for the mesne profits of the premises recovered, or for any waste committed thereon, as well before as during the pendency of such appeal." This section is in no way in conflict with section 555 of the code of 1852, *supra,* but, on the contrary, operates in aid thereof, by supplying an omission. With this section in force in aid of section 555, *supra,* the judgment defendant might have the benefit of an appeal, be left in possession of the premises pending the appeal, and the judgment plaintiff be secured against loss by reason of being kept out of possession during such appeal. Prior to this case, it has not been held, directly, that the above section 44 was continued in force by section 802, *supra,* but there have been a number of decisions as to the scope and effect of this latter section. See *Belton* v. *Smith,* 45 Ind. 291; *Stockton* v. *Coleman,* 42 Ind. 281; *Chidester* v. *Chidester,* 42 Ind. 469; *Walker* v. *State,* 23 Ind. 61; *Patterson* v. *Crawford,* 12 Ind. 241; *Forsythe* v. *Park,* 16 Ind. 247; *Wright* v. *State,* 5 Ind. 290. In the case of *Jones* v. *Droneberger,* 23 Ind. 74, it was held that the obligors upon an appeal bond were liable for the rents pending the appeal, by virtue of the statute, but under what statute was not stated.

The question yet remains as to whether or not the obligors can be held liable for the mesne rents, there being no provision of that kind in the bond. Section 790 of the code of

1852 was as follows: "No official bond entered into by any officer, nor any bond, recognizance or written undertaking taken by any officer in the discharge of the duties of his office, shall be void for want of form, or substance, or recital, or condition, nor the principal or surety be discharged; but the principal and surety shall be bound by such bond, recognizance or written undertaking, to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in the bond or recognizance. In all actions on a defective bond, recognizance or written undertaking, the plaintiff or relator may suggest the defect in his complaint, and recover to the same extent as if such bond, recognizance or written undertaking were perfect in all respects." 2 R. S. 1876, p. 311. See same section, 1221, R. S. 1881. The force and effect of this section is to cure defects and supply omissions in the class of bonds named, whether the defects and omissions be of form or substance, and to hold the obligors, both principals and sureties, to the full extent of the law requiring the bond. This is the plain interpretation of the section, and so it has been often ruled. See *Moore* v. *Jackson*, 35 Ind. 360; *Ward* v. *Buell*, 18 Ind. 104; *Boden* v. *Dill*, 58 Ind. 273; *Fuller* v. *Wright*, 59 Ind. 333; *Black* v. *State, ex rel.*, 58 Ind. 589; *Hudelson* v. *Armstrong*, 70 Ind. 99; *Corey* v. *Lugar*, 62 Ind. 60; *Cook* v. *State, ex rel.*, 13 Ind. 154; *Gavisk* v. *McKeever*, 37 Ind. 484; *Bugle* v. *Myers*, 59 Ind. 73; *Dunn* v. *Crocker*, 22 Ind. 324.

In this connection we are cited to the case of *Malone* v. *McClain*, 3 Ind. 532, in which it seems to have been held that the obligors were not liable for the mesne rents, because the bond did not so provide. This case was distinguished in the case of *Jones* v. *Droneberger, supra*, and seems to be in conflict with many subsequent cases. It is apparent that the case was decided without reference to section 485, R. S. 1843, p. 760, which was very much the same as section 790 of the code of 1852. We adhere to the later cases. In the case before us, a copy of the bond was filed with the complaint as a part

of it. This, with the several averments of the complaint, sufficiently suggested the defects in the bond to authorize a recovery upon it, as if it had contained an undertaking to pay the mesne rents, and had otherwise been perfect in all respects. See the cases last above cited.

Our conclusion is that the obligors are liable under the bond for the rents pending the appeal in which the bond was given, and that there is, therefore, no error in the record. It may be noted in passing, that the code of 1881 has a provision similar to section 44, in the revision of 1843.

The judgment is affirmed, with costs.

Filed Nov. 13, 1884.

## On Petition for a Rehearing.

Zollars, C. J.—That the liability of a surety is *strictissimi juris*, and not to be extended by construction, and that *ita lex scripta est* must control in deciding what the statute law is, are propositions well settled, and were not overlooked in the decision of the case. Nevertheless, when there is a contention as to the proper construction of a statute, it is always proper to consider what rights were intended to be secured, or what evils were intended to be provided against, by the legislation. Nor was the general rule overlooked, that where a new law covers the whole subject-matter of the former, is inconsistent with it, and evidently intended to supersede and take the place of it, it repeals the old law by implication. To hold that the surety in appeal bonds is bound to the full extent of the law requiring the bond, is not to extend his liability, because the law expressly declares that he shall be thus bound; and where he executes such a bond, he is bound to know, and must be held to have known, that his liability will not be measured alone by a defective bond, but also by the law requiring the bond. And then too, the bond in question here was executed when the decision of this court, in the case of *Jones* v. *Droneberger*, 23 Ind. 74, holding that the obligors upon an appeal bond in such a case as

this, are liable for the rents, pending the appeal, was unchallenged. The main argument by counsel for appellant is that section 44, chapter 37, R. S. 1843, was not in force: First. Because it was not set out and re-enacted in the revision of 1852; and, Second, because the section does not relate to pleading and practice, and hence was not continued in force by section 802 of the code of 1852. If it were not for this section, the first position would be well taken. That the legislators were impressed with the thought that something necessary might have been omitted from the code of 1852, is very patent from the above section 802. The purpose of that section, as therein declared, was not to repeal, but to continue in force, all laws and usages of the State relative to pleading and practice in civil actions and proceedings, not inconsistent with the code, and that might operate in aid thereof, or supply any omitted case.

The case, therefore, turns upon the proper interpretation and scope of that section. The first duty in the interpretation of a statute is to ascertain the meaning and intention of the Legislature, and this must be done, in the first instance, from the language used. What, then, did the Legislature intend by continuing in force the laws and usages of the State relative to " pleading and practice " in civil actions ? What was intended by the terms " pleading and practice " as used in the above section ? As there used, are these terms broad enough to include, and were they intended to include, appeal bonds on appeal to this court? It seems to us that there can not be much question as to what was intended to be embraced within these terms, because the whole act shows in what sense they were used by the law-makers. The heading of the chapter and title of the act are as follows:

" PART SECOND.

" *Concerning the Civil Procedure of Courts, and their Jurisdiction in Civil Matters.*

" CHAPTER 1. An act to revise, simplify and abridge the rules, practice, pleadings and forms in civil cases in the courts

of this State—to abolish distinct forms of action at law, and to provide for the administration of justice in a uniform mode of pleading and practice, without distinction between law and equity." 2 R. S. 1852, p. 27; 2 R. S. 1876, p. 32.

In this act, thus entitled, and following the above heading, and nowhere else, we find the provisions providing for appeal bonds to this court, and other like bonds connected with the practice, and providing for the form and substance of such bonds, and the liability of the obligors upon such bonds. The fact that the legislators thus provided for the bonds in the practice act shows conclusively that they regarded them as relating to the practice and procedure in civil actions; in other words, regarded the laws requiring such bonds, and fixing the liability upon them, as laws relating to the practice in civil actions. In confirmation of this view is the further consideration, that section 44 of the revision of 1843 is found in the act entitled an act "concerning * * proceedings in civil cases." R. S. 1843, p. 622.

In the construction of section 802, *supra*, the courts should adhere to the meaning of the term "practice," given to it by the Legislature. And, as it seems to us, it is not a strain of language to say that the law requiring such bonds, and fixing the liability upon them, is a law relating to the procedure and practice in civil actions. B. is upon A.'s land. A. wishes to eject him from it. The law provides a course of practice and procedure to accomplish this end; as a part of that, is the provision that B. may appeal to this court, and if he gives a bond he shall not be ejected until this court shall have passed upon the case. This bond is just as much a part of the practice and procedure as is a bond in an injunction, or any other proceeding requiring a bond.

It may well be said here, as was said by the English court in the case of *Poyser* v. *Minors*, L. R., 7 Q. B. Div. 329, 333, that "'Practice' in its larger sense—the sense in which it was obviously used in that act, * * denotes the mode of proceeding by which a legal right is enforced."

Our attention is called to the case of *Epstein* v. *Greer*, 85 Ind. 372, in which the commissioner cites with approval the case of *Malone* v. *McClain*, 3 Ind. 532, in which it was held that there could be no recovery beyond the letter of the bond. In the first place, the case in 85 Ind., *supra*, might have been decided, as it was decided, without approving the case of *Malone* v. *McClain*, *supra*. What the commissioner said, therefore, in the way of approving of the doctrine of that case, may well be regarded as *dictum*. As shown by the citations in the principal opinion, this court has long since departed from the doctrine of the case of *Malone* v. *McClain*, *supra*, upon the point in support of which the commissioner cited it. What was said in commendation of it, therefore, in the case of *Epstein* v. *Greer*, *supra*, must be and is disapproved.

After a careful review of our holding in the principal opinion, and a careful reading of appellant's argument upon the petition for a rehearing, we are satisfied that the case was decided correctly; and that the petition for a rehearing should be overruled.

In addition to the cases cited in the principal opinion showing the scope that has been given to section 802, *supra*, we cite *Hudelson* v. *Armstrong*, 70 Ind. 99.

The petition for a rehearing is overruled.

