# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1887, IN THE SEVENTY-FIRST
YEAR OF THE STATE.

———◆———

No. 12,996.

### GRAETER v. DeWolf et al.

APPEAL BOND.—*Action to Recover Real Estate.*—*Fixed Penalty.*—*Liability of
Sureties.*—*Justice of Peace.*—Where, upon an appeal by the defendant from
a judgment given against him by a justice of the peace for the posses-
sion of real estate and damages for its detention, the appeal bond is
executed with a fixed penalty, the sureties therein are not liable beyond
the sum stated, whatever may be the amount of the judgment rendered
against the defendant in the higher court.

From the Knox Circuit Court.

*T. R. Cobb, O. H. Cobb, J. T. Goodman, W. A. Cullop, G.
W. Shaw* and *C. B. Kessinger*, for appellant.

*G. G. Reily*, for appellees.

ZOLLARS, C. J.—In March, 1885, a judgment was rendered
by a justice of the peace in favor of appellant against Wells
R. Stokeley for the possession of real estate, and for $175
damages for the detention thereof.

Stokeley appealed to the circuit court, and executed an appeal bond with appellees, DeWolf and Chambers, as sureties.   The appeal bond was as follows:

" We, Wells R. Stokeley, William H. DeWolf and Smiley M. Chambers, ·acknowledge ourselves bound to Frederick Graeter in the penal sum of five hundred dollars.   Witness our hands and seals this 20th day of March, 1885.   Whereas, said Frederick Graeter within thirty days last past obtained judgment against Wells R. Stokeley before Samuel C. Risley, J. P., for the possession of real estate and for one hundred and seventy-five dollars and — cents, with costs taxed at. twenty-three dollars and thirty cents, and said Stokeley has, appealed therefrom:  Now, if said Wells R. Stokeley shall prosecute his appeal to final judgment, and pay such judgment as may be rendered against him on such appeal, this bond shall be null and void, else in force."

In October, 1885, judgment was rendered in the circuit court in favor of appellant against Stokeley for $1,251.   That judgment not having been paid, appellant brought this action upon the above 'appeal bond.   The court below concluded as, a matter of law that the sureties, DeWolf and Chambers, appellees here, were not liable beyond the penalty fixed in the bond, and rendered judgment against them accordingly.

From that judgment appellant prosecutes this appeal, and' contends that the sureties are liable beyond the penalty fixed in the bond, to .the full amount of the judgment against Stokeley in the circuit court.

In the outstart, it is proper to keep in mind that sureties are favorites of the law, and are not bound beyond the strict terms of the engagement; that their liability is not to be extended by .implication beyond the terms of their contract,. which contract is said to be *strictissimi juris*.   *City of Lafayette* v. *James*, 92 Ind. 240 (47 Am. R. 140), and cases there cited ; *Weed Sewing Machine Co.* v. *Winchel*, 107 Ind. 260, and cases there cited.

And, also, that a surety on a bond can not generally be,

held liable for any sum greater than the penalty thereof. Brandt Suretyship and Guaranty, section 93.

In *Leggett* v. *Humphreys*, 21 How. (U. S.) 66, it was said : " The principle which limits the liability of the surety by the penalty of his bond, inheres intrinsically in the character of his engagement. He does not undertake to perform the acts or duties stipulated by his principal, and would not be permitted to control their performance ; and *could not,* where his principal was a public officer, legally assume the functions of that principal. The undertaking of the surety is essentially a pledge to make good the misfeasance or non-feasance of his principal to an amount co-extensive with the penalty of his bond." See, also, to the same effect, *Clark* v. *Bush,* 3 Cow. 151 ; *Wood* v. *Fisk,* 63 N. Y. 245 ; *Oshiel* v. *DeGraw,* 6 Cow. 63 ; *Fairlie* v. *Lawson,* 5 Cow. 424 ; *Brown* v. *Burrows,* 2 Blatchford, 340 ; *Brainard* v. *Jones,* 18 N. Y. 35.

In Baylies on Sureties and Guarantors, at page 171, the author says : " The liability of a surety in a statutory obligation is measured by the contract as it is, and not by what the Legislature intended that it should be ; and the language of the instrument must be construed as if it had been used in any other instrument ; and the fact that the obligation was given in pursuance of a statute, does not alter its plain import, or affect the liability thereunder."

The rule as thus stated does not obtain to its full extent in this State as to official bonds entered into by public officers, nor as to bonds, recognizances or written undertakings taken by any officer in the discharge of the duties of his office. We have a statute which provides that such bonds and undertakings, etc., shall not be void for want of form or substance or recital or condition, nor the principal or surety be discharged ; but they shall be bound by such bond, undertaking, etc., to the full extent contemplated by the law requiring the same. R. S. 1881, section 1221.

It has been many times, and correctly, held by this court, that, under this statute, the statutes requiring such bonds,

undertakings, etc., enter into them and become a part of the contract, binding upon the obligors, both principals and sureties, however defective such bonds, etc., may be.  But it has not been held that the statute authorizes a recovery against sureties on such bonds, undertakings, etc., in excess of the penalties fixed therein.   While the statute, as we have seen, provides that in the cases enumerated the principal and surety in the bond, etc., shall be bound to the full extent of the law requiring the same, it also fixes a limit upon the liability of the surety by the words "and the sureties to the amount specified in the bond," etc.

Interpreting the statute as its language clearly requires, it has been held that when such bonds, etc., as therein enumerated contain a fixed penalty, the surety can not be held in excess of such penalty.    Ward v. Buell, 18 Ind. 104.

If, then, the sureties here may be held in excess of the penalty in the bond in suit, such liability must exist by virtue of some statute or rule of the law other than those thus far noticed.

In his contention for the liability of the sureties beyond the penalty of the bond, appellant relies chiefly upon section 5236, R. S. 1881, and the case of Opp v. TenEyck, 99 Ind. 345.  The case thus relied on is neither conclusive nor controlling here.   The bond in suit in that case was defective. It was held that the defect was cured by the above mentioned section 1221 of the statutes.    What was said in the opinion was with reference to the case before the court.    The question here involved was not a question for decision in the case, and was, of course, not decided.    Although the fact is not developed in the opinion, the judgment against the sureties did not exceed the penalty fixed in the bond.

Section 5236, supra, is found in the chapter of the statutes entitled " Landlord and Tenant," and is as follows :  " On the trial of any cause under this act, either before the justice of the peace or on appeal, the damages for the detention of the premises shall be estimated up to the time of each trial, while

damages on appeal by the defendant shall be deemed as covered by the appeal bond."

This section must be construed in connection with other sections of the statute bearing upon the same subject.

Section 5234 of the same chapter with section 5236, *supra,* provides that an appeal shall lie to the circuit court by either party, under the same regulations and restrictions as in other cases before justices; and that appeal bonds securing damages, if any, and costs, and the prosecution of the appeal, shall be given by the appellant.

The general statute upon appeals from judgments before justices of the peace (section 1500) provides, that the party asking an appeal shall file with the justice a bond, with security to be approved by the justice, payable to the appellee, in a sum sufficient to secure the claim of the appellee and interest and costs, conditioned that he will prosecute his appeal to effect, and pay the judgment that may be rendered against him in the circuit court. This section provides for an appeal bond in a fixed sum. Such is the practice. There is nothing in sections 5234 and 5236, *supra,* which is directly, or by implication, in the way of an appeal bond in a fixed and definite penalty. Construing those sections with section 1500, *supra,* as we think they should be, it would seem to be entirely proper that the appeal bond should be in such definite sum and with such sureties as the justice may approve. We conclude, therefore, that an appeal bond with a fixed penalty, in a case like this, is neither illegal nor irregular, as contravening any statute. If, then, as we think, the bond may be in a definite and fixed penalty, it follows that when such a penalty is fixed it becomes a part of the surety's contract, fixing and limiting the amount of his liability, and the general rule applies, which gives him the right to stand upon the strict terms of his contract in that regard.

A plaintiff in an action for the recovery of real estate may recover damages for the detention up to the time of trial in the circuit court, and for the amount thus recovered the

Graeter *v.* DeWolf *et al.*

sureties will be liable to the extent of the penalty named in the appeal bond, and no further.  So it has been held by this court in construing section 5236, *supra.   King* v. *Brewer,* 19 Ind. 267 ; *Sharpe* v. *Harding,* 21 Ind. 334.   See, also, *Miller* v. *O'Reilly,* 84 Ind. 168.

If it be said, as it is by counsel for appellant, that the bond is defective by reason of the penalty being fixed at a definite sum, and that we must look to section 1221, *supra,* as curing that defect, then we shall encounter that portion of the section which in express terms limits the liability of sureties to the amount specified in the bond.

The purpose of the statutes under consideration requiring an appeal bond, evidently is to fully secure the parties against whom the appeal is taken ; and hence it is the duty of the justice to require a bond in such an amount and with such sureties as will accomplish that end.

If the justice neglects his duty and accepts a bond inadequate in amount, doubtless the court to which the appeal is taken may require a new bond.   See R. S. 1881, sections 1283, 1284.    And should the justice accept a bond with no fixed penalty, doubtless both principal and sureties would be liable under section 1221, *supra,* to the extent of the law requiring the bond.    *State, ex rel.,* v. *Britton,* 102 Ind. 214.

After a careful examination of the question presented by the record and discussed by counsel, we are satisfied that the court below ruled correctly in holding that appellees, the sureties on the bond, are not liable beyond the penalty therein named.

Judgment affirmed, with costs.

Filed Sept. 29, 1887.