No. 13,460.

## STULTS ET AL. *v.* ZAHN.

APPEAL BOND.—*Landlord and Tenant.—Accruing Rents.—Liability of Obligors.* —A bond executed in taking an appeal from a judgment of a justice of the peace awarding the plaintiff the possession of real estate and damages for its detention, covers rents accruing pending the appeal, whether it purports to do so or not (sections 5236 and 1221, R. S. 1881); and the fact that the appeal is dismissed in the circuit court, without a judgment being taken, does not affect the liability of the obligors.

From the Huntington Circuit Court.

*B. M. Cobb* and *C. W. Watkins,* for appellants.

*B. F. Ibach* and *J. G. Ibach,* for appellee.

MITCHELL, J.—This was an action by Catharine Zahn against Stults and Meech, to recover damages upon an appeal bond executed by the defendants in order to perfect an appeal taken by Stults from the judgment of a justice of the peace to the circuit court of Huntington county, in a suit wherein Mrs. Zahn was the plaintiff and Stults defendant. By the judgment of the justice the plaintiff was awarded the possession of certain real estate which Stults occupied as her tenant, and also thirty dollars, besides her costs, as damages.

The appeal was taken on the 2d day of April, 1884, to the circuit court, and on the 7th day of the following November appellant Stults was called and defaulted, and his appeal dismissed. The proceedings had in the circuit court were duly certified to the justice of the peace. Stults occupied the leased premises pending the appeal to the circuit court. The only question made on this appeal relates to the amount of damages recoverable on the appeal bond, in view of the facts above recited.

On the appellants' behalf it is contended that the dismissal of the appeal was equivalent to the rendition of a judgment against Stults for thirty dollars and costs, and that the amount

Stults *et al. v.* Zahn.

of the judgment recovered before the justice of the peace, with interest thereon, was the full measure of their liability on an appeal bond which stipulated that Stults should duly prosecute his appeal, and abide by and pay any judgment and costs which should be rendered against him. Hence, it is argued, the court below erred in including in the amount of damages assessed the rents which accrued pending the appeal. This position is not maintainable. We have no doubt but that the plaintiff might have had the amount of damages for the detention of the premises estimated up to the time the case was disposed of in the circuit court, and that, if the appeal was so far perfected as to give the court jurisdiction, a judgment might properly have been entered in that court for the whole amount, including rents which accrued pending the appeal. Had this been done, the judgment rendered would doubtless have been conclusive on all the parties concerned. That the case was dismissed without taking judgment, did not, however, adjudicate anything, nor did it in any way affect the liability of the parties to the appeal bond, which, by the express terms of the statute, section 5236, covers damages for rents accruing pending the appeal. It is of no consequence that the bond did not by its terms purport to cover the accruing rents. The parties must be held to have contracted with reference to the statute, the provisions of which became as much a part of the bond as if they had been expressly incorporated into it. Under section 1221, R. S. 1881, the parties became bound to the full extent contemplated by the statute requiring the bond. *Stanley* v. *Dailey*, 112 Ind. 489 ; *Graeter* v. *De Wolf*, 112 Ind. 1 ; *Opp* v. *Ten Eyck*, 99 Ind. 345 ; *Jones* v. *Droneberger*, 23 Ind. 74 ; *State, ex rel.,* v. *Britton*, 102 Ind. 214.

We do not know why the appeal was dismissed, nor is it important to inquire. It is enough to know that an appeal had been taken, by filing the bond sued on, and that Stults retained possession of the leasehold pending the appeal. He failed to prosecute his appeal, and suffered it to be dismissed

after it had accomplished his purpose, as we must assume. He and his surety on the bond thereby became liable for the judgment and also for the damages pending the appeal.

The judgment below was for one hundred dollars. An examination of the record shows that there is evidence tending to support the finding and judgment.

The judgment is therefore affirmed, with costs.

Filed Feb. 12, 1889.