BRODEN ET AL. *v.* THE THORPE BLOCK SAVING AND
LOAN ASSOCIATION ET AL.

[No. 2,337.    Filed May 13, 1898.    Rehearing denied Nov. 15, 1898.]

PRACTICE.—*Marion Superior Court.—Appeal to General Term.—Appeal Bond.*—Where an appeal is taken from the special to the general
term of the Marion Superior Court, and an affidavit is filed show-
ing cause why an appeal bond should be filed, the court may in its
discretion require the appellant to file a bond, and such action of
the court is not reviewable on appeal to this court.    *pp. 687, 688.*

COMPLAINT.—*Action on Appeal Bond.—Marion Superior Court.*—A
complaint in an action on an appeal bond from the special to the
general term of the Marion Superior Court, wherein appellant was
defendant in an action to foreclose a mortgage, which alleges that
appellant did not prosecute his appeal to effect and did not abide by
and pay the judgment affirmed against him is sufficient.    *p. 688.*

BONDS.—*Appeal from Special to General Term.—Defective Bond.*—
A bond executed by appellant in an appeal from the special to the
general term of the Marion Superior Court in a foreclosure pro-
ceeding upon the affidavit of the appellee as provided by section
1414, Burns' R. S. 1894, is a statutory bond, and not a common law
undertaking, although the bond was not executed in strict accord-
ance with the order of court made therefor, and the defects therein
were cured by section 1235, Burns' R. S. 1894, providing that a bond
given by an officer shall not be void for want of substance, recital,
or condition, where such defect is suggested in the complaint on
such bond.    *pp. 694-698.*

PRACTICE.—*Appeal Bond.—Marion Superior Court.*—It is too late to
object to a bond executed on appeal from the special to the general
term of the Marion Superior Court in an action on such bond for
the reason that the bond did not conform to the requirements of
the order of the court, where the bond was approved by the court
at the time of its execution.    *p. 697.*

APPEAL AND ERROR.—*Bill of Exceptions.—Longhand Manuscript of
Evidence.*—The longhand manuscript of the evidence must be filed
in the clerk's office before being embodied in the bill of exceptions.
*p. 698.*

From the Marion Superior Court. *Affirmed.*

*John W. Kern* and *Morris; Newberger & Curtiss,* for appellants.

*Carter & Brown,* for appellees.

WILEY, J.—The appellee, the Thorpe Block Saving and Loan Association, was the plaintiff below and the appellant Broden and Thomas Markey and the appellee Anna Markey, were defendants. The action was on an appeal bond given in an appeal from the special to the general term of the Marion Superior Court, in which bond Thomas and Anna Markey were principals, and Broden surety. Such proceedings were had as that final judgment was rendered against Broden and Thomas Markey, and in favor of Anna Markey.

Appellants' motion for a new trial was overruled, and the record which they have brought here presents only the sufficiency of the second paragraph of the complaint, and the second and third paragraphs of the separate answer of Broden to said second paragraph of complaint. The complaint was originally in three paragraphs, but a dismissal was entered as to the first and third. The appellant Thomas Markey has not assigned error in this court, and hence no question is presented in his behalf.

The second paragraph of complaint avers that the appellee association recovered a judgment in the special term of the Marion Superior Court against Thomas Markey, Peter Zeien and August Webber for $9,301.55 and a decree of foreclosure against Thomas and Anna Markey and the other defendants; that the real estate embraced in said decree was owned by certain of said defendants, specifying the same in detail; that lot five, in Brown, Frank and Ketcham's subdivision, etc., as embraced in said mortgage was owned as follows: the undivided two-thirds thereof

by Vinson Carter, trustee, and the undivided one-third thereof by Anna Markey; that said judgment was rendered March 24, 1894, and at that date Thomas and Anna Markey were, and when this action was commenced, still in possession of said lot five; that on March 28, 1894, said association caused a copy of said decree to issue and be placed in the hands of the sheriff for execution; that said sheriff advertised all of said property for sale, and set said sale for April 21, 1894; that after the issuing of a copy of said decree said Markey and Markey prayed an appeal to the general term of said court; that said association and said Vinson Carter filed an affidavit and motion showing cause and asking for an order requiring said Markey and Markey to file an appeal bond, in the penalty of $3,000, conditioned that they should duly prosecute their appeal with effect, and should abide by and pay the judgment and costs which might be recovered or affirmed against them; that said appeal should not operate as a supersedeas to the enforcement of said decree as to any of the property except said lot five, claimed by said Markey and Markey; that said lot five was the only real estate embraced in said decree in which Markey and Markey had or claimed to have any interest; that on April 9, 1894, said Markey and Markey did file their appeal bond with appellant Broden as surety, which was approved, and the same was filed as an exhibit to the complaint; that on April 21, 1894, all of said property embraced in said decree was sold at sheriff's sale, except said lot five, and was purchased by said association for $6,100, of which amount $5,911.45 was credited on the judgment, and the residue to the payment of costs. That on account of said appeal bond, and because the same operated as a stay to the collection of said judgment, personally against the property of said judgment defendants Thomas

Markey, Peter Zeien, and August Webber, said decree
and execution, after said sale, was returned unsatis-
fied; that said bond operated as a stay to the sale of
said lot five and the collection of said defendants per-
sonally until January 7, 1895, when such proceedings
were had as that said judgment was in all things
affirmed by the general term of said court, and that
it remains in force and unappealed from. That there-
after a copy of said decree was duly issued to the
sheriff of said county, and said lot five was sold by
said sheriff by virtue thereof, and purchased by said
association for $1,800, of which amount $1,740 was
applied on said judgment, and the residue to the pay-
ment of costs, and that there is still due the sum of
$1,945. The complaint then avers that there was a
defect in said bond in that it does not state that the
personal judgment appealed from was rendered
against defendants Thomas Markey, Peter Zeien, and
August Webber, but instead states that the judgment
was against Thomas Markey and Anna Markey and
others; and also that said bond recites that said judg-
ment was rendered March 24, 1895, instead of March
23, 1895, and for $9,301.50 instead of $9,301.55. The
breach of said bond is averred to be that said Markey
and Markey did not prosecute their appeal with effect,
and have wholly failed to abide by and pay the judg-
ment which was affirmed against them in said general
term. To this complaint the appellant Broden de-
murred for want of sufficient facts, which demurrer
was overruled, and such ruling is assigned as error.
When these proceedings were had in the court below
the statute provided for appeals from the special to
the general term. So much of that statute as is appli-
cable here is as follows: "And no bond shall be re-
quired in such case, unless it be shown by affidavit
to be necessary for the protection of the rights of the

parties, in which case bonds shall be given with such conditions as may be directed by the court," etc. Section 1414, Burns' R. S. 1894.

In the case before us, an affidavit, as shown by the complaint, was filed, showing cause why an appeal bond should be filed, which in the judgment of the trial court presented sufficient reasons to require it to be done. Under the broad provisions of the statute above quoted, the court was clothed with large discretionary power, and its action in requiring the bond to be filed, and in fixing the conditions imposed, can not be reviewed here, unless there appears to have been a manifest abuse of such discretion. The facts averred do not show such abuse.

The learned counsel for appellant Broden, have not pointed out any defect in the complaint which in our opinion makes it bad, and have not cited us to any authorities in support of their contention.

The bond is conditioned that Markey and Markey shall "duly prosecute their appeal and abide by and pay the judgment and costs, which may be rendered or affirmed against them." The breach alleged is that they did not prosecute their appeal with effect, and have wholly failed to abide by and pay the judgment affirmed against them, etc. The court having directed the filing of the bond, it having been duly executed, and the complaint showing specific breaches of its conditions, we are unable to see wherein the complaint was defective. The court did not err therefore in overruling the demurrer.

In appellant Broden's second paragraph of answer, it is averred that the bond sued on was executed in the cause of the Thorpe Block Saving and Loan Association against Thomas Markey, Anna Markey, and others, praying judgment on a bond executed by Thomas Markey, Peter Zeien, and August Webber to

said association for $8,500 and interest, and also- pray-
ing judgment of foreclosure of a mortgage, executed
by said obligors and their respective wives, which
mortgage included lot five as described in the com-
plaint herein; that in said cause said Markey and
Markey answered, admitting the execution of said
bond and mortgage, and alleging that they were hus-
band and wife, and owned said lot by the entirety, and
claiming that said mortgage as to said lot was void;
that the issues formed on this answer were the only
issues between said association and said Markey and
Markey.  That in said action Vinson Carter filed a
cross-complaint against said Markey and Markey, ask-
ing that his title to said lot be quieted, upon which
cross-complaint issues were joined and tried between
said Carter and said Markeys.  The answer then sets
out the proceedings in said cause, showing judgment
against Markey, Zeien, and Webber; the foreclosure of
the mortgage; that the title to said lot was quieted
in said Carter, and that the motion for a new trial of
Markey and Markey was overruled.  It then avers the
facts as to the issuing of the copy of the decree, the
appeal by Markey and Markey, and sets out in full the
affidavit of Carter, asking that an appeal bond be filed.
The affidavit, omitting the formal parts, is as follows:
"The above entitled action is one to foreclose a mort-
gage upon real estate in Marion county, Indiana; that
the judgment herein is for the sum of $9,301.55; that in
addition to said judgment there are municipal assess-
ments for street improvements and sprinkling against
the mortgaged property amounting to about $400;
that there are taxes now due against said property
amounting to $133.61; that the costs of this suit, in-
cluding the sheriff's sale of the property, will amount
at least to $100 more, making the total encumbrance

on said property about the sum of $9,935.00; that said property is not now worth over the sum of $9,300, and that there will in all probability, be a deficiency arising from the sale of said property to pay the judgment in this cause of from $600 to $1,000. That the defendant Thomas Markey is in possession of the property claimed by himself and wife, and that if he is permitted so to continue in possession, and the sale of said property is stayed pending an appeal in this cause, it will greatly prejudice the rights of the plaintiff and of the cross-complainant Vinson Carter, unless the said defendants Thomas Markey and Anna Markey are required to give a good and sufficient appeal bond." That upon the filing of said affidavit, the court made an order directing the bond to be filed, conditioned that Markey and Markey should duly prosecute their appeal with effect, and abide by and pay the judgment and costs which might be rendered or affirmed against them, "meaning thereby the aforesaid judgment of foreclosure against said lot five; and that they should pay all damages that might be sustained by said plaintiff and cross-complainant for the *mesne* profits, waste, or damage to the property claimed by the appellants, pending said appeal, meaning and intending said lot five; which said conditions, so directed, required, and were intended to require, a bond upon an appeal from the judgments of foreclosure, and quieting title, and appointing a receiver, as affecting said lot five, and no other or different bond whatsoever, and a bond upon no other or different appeal, or from no other or different judgment; and at the same time and in the same order, said court further ordered that said appeal should not operate as a supersedeas, as to any other judgment, or as to any judgment against any other person or as to any other property than said lot five. And this defendant

avers that said appeal was from said judgments concerning said lot five, and none other, and did not affect in any way whatever any other judgment or decree in said cause, and particularly did not affect the personal judgment therein rendered against said Thomas Markey, Peter Zeien, and August Webber." That in pursuance to said order and direction of the court, the bond sued on was executed and approved by the court, and that no different or modified orders or directions as to the conditions of said bond than those heretofore set out were ever made, and the approval of the judge indorsed on said bond related only to said surety, and not to any conditions therein. That the conditions in said bond were materially and substantially different from the conditions directed by the court pursuant to statutory authority, in that it is payable to said association alone, and not to said association and cross-complainant Carter, or directed that it recites and is conditioned upon the payment of a judgment against Markey and Markey for $9,301.55 when no such condition was directed, and such recital is false; that it contains no conditions for the payment of *mesne* profits, waste, or damage as directed by the court. That by reason of such variances, said bond was not the bond directed by the court, and is without binding force, and did not operate as a supersedeas. That notwithstanding such appeal, said association caused said decree to be executed as to all the property embraced therein, except said lot five, and that in fact execution upon personal judgment was not delayed by said appeal and bond, and the appellant was deprived of any opportunity to protect himself in such connection before any liability on his part for all or any part of said personal judgment was in any way asserted or claimed; all of which was done without his knowledge or consent, and though a residue of said judgment re-

mains unpaid, said association has not been damaged by said appeal.

The third paragraph of answer of the appellant Broden sets out all the substantial facts as they appear from the second paragraph, and concludes as follows: "That, as will more fully appear by reference to the copy of said bond exhibited with the complaint, the bond so executed and filed did not conform in its terms and conditions to said order, but recited a personal judgment against said Thomas and Anna Markey, is payable only to the plaintiff, and contains no condition for the payment of *mesne* profits, waste, or damage; that, if the same is of any binding force whatever, its obligation is upon the sole condition that said Thomas and Anna Markey shall pay and abide by the judgment rendered in favor of said plaintiff against them only, being the judgment of foreclosure against said lot five, and no other or different judgment. That said appeal and bond did not operate as a supersedeas upon said personal judgment against Thomas Markey, Peter Zeien, and August Webber, which was not in dispute and was not appealed from, and which was not against said Anna Markey; and this defendant did not obligate himself to pay the same or any part thereof, upon any condition whatsoever. That so construing said appeal bond, said plaintiff caused the decree then in the hands of said sheriff to be promptly executed, and caused all of the property therein described, except said lot five, to be sold by said sheriff, to wit: on the 21st day of April, 1894, and accepted, received, and receipted for the proceeds of said sale, to wit: the sum of $6,100, less the sum of $188.55, costs paid from such proceeds, and applied the same to the partial satisfaction of said personal judgment, and this defendant avers that said Thomas Markey, Peter Zeien, and August Webber, were then,

ever since have been, and now are insolvent, and have
no property whatever, subject to execution from which
the unsatisfied residue of said judgment could or can
be collected, and that, but for such insolvency and
want of property, said judgment could and would
have been collected long since, and the failure to col-
lect the same was in no wise owing to said appeal or
to said bond.  That by said sale this defendant was
deprived of any opportunity to protect his own inter-
ests by bidding at the same, as, for the construction
so placed upon said bond, he would and could have
done; that the year of redemption from the same had
expired before any claim upon him was made of any
liability for any residue of said judgment; and
he, at all times, believed that the true and law-
ful condition of said bond was that the judgment
against said lot five should be abided by.  That
said judgment against said Thomas and Anna
Markey in favor of said plaintiff, namely, the judg-
ment that the mortgage aforesaid be foreclosed
upon said lot five, and that said lot be sold to sat-
isfy the amount due, has been fully abided by, paid
and performed as follows: At the request of said plain-
tiff a copy of the decree aforesaid was, to wit, on the
17th day of June, 1895, duly issued under the hand
of the clerk and seal of this court to the sheriff of said
Marion county who proceeded to and did execute the
same against said lot five, and, after advertising the
same in accordance with law, did, to wit, on the 13th
day of July, 1895, expose and offer said lot five at pub-
lic auction, and did strike off and sell the same to the
plaintiff for the sum of $1,800, and after deducting
costs amounting to $59.25, did pay the balance of said
proceeds, to wit, the sum of $1,740.75 to said plain-
tiff, who received and applied the same upon the judg-
ment aforesaid; and though a residue of judgment re-

mains unpaid as in said complaint alleged, plaintiff has not been damaged by said appeal."

It seems evident to us that the complaint proceeds upon the theory that the appellee association, after exhausting the real estate embraced in its mortgage, was entitled, under the provisions of the bond, to recover in this action the unpaid balance of the original judgment, without regard to whether the appeal operated to the damage of the association or not. It is evident that it was not the intention of either of the parties or the court, that the bond should be liable for the entire judgment, for its penalty was fixed at only $3,000, being more than $6,000 less than the judgment.

As to the answer of Broden, we are at liberty to adopt the theory suggested by counsel for appellant. They say: "The theory of the second paragraph of answer, as we have heretofore explained it, is that the bond was given on an appeal from special to general term and was required to conform to the directions of the judge at the special term touching its conditions, and that it did not so conform, but varied in very important particulars, by reason whereof it is not a statutory, but a common law obligation, and, as a common law obligation of suretyship, amounted to a mere indemnity. Special damage is denied. The theory of the third paragraph of answer is, as heretofore explained, that the bond may be regarded as a statutory obligation, and, therefore, to be corrected upon the suggestion made in the complaint, but when so corrected, it is in accordance with the statute to be made "perfect in all respects," and consequently, to be made to read exactly as a proper bond in such case should read. Or to express it differently and possibly with more force and clearness, the second paragraph of answer seeks to set up facts to the effect that the bond was not the kind of bond directed to be filed

by the court, and hence is of no effect unless as a common law bond to indemnify against actual damages resulting from the appeal; and that the third paragraph states facts showing that the bond should be so construed or corrected under the statute as to provide only for *mesne* profits and damages actually caused, or resulting from the appeal, and not so as to allow a recovery for the personal judgment from which no appeal was taken and upon which execution was not stayed.

It seems to us that the appellants' contention, that the bond must be construed as a common law bond, as for indemnity merely, cannot be maintained. At the time the bond was executed, there was an express statute authorizing and directing its execution.

Ordinarily an appeal from the special to the general term of the Marion Superior Court, operated as a supersedeas, or stay of execution, without any bond. Section 1414 Burns' R. S. 1894 (1361 Horner's R. S. 1897), is as follows. "It shall only be necessary for a party appealing from a special to the general term to pray an appeal to the general term, and it shall be granted as a matter of right, and no bond shall be required in such case, unless it be shown by affidavit to be necessary for the protection of the rights of parties, in which case bonds shall be given with such conditions as may be directed by the court; and such appeal shall stay the proceedings upon the action of the special term in the case, and in the manner that a stay of proceedings is allowed upon an appeal to the Supreme Court from the circuit court and none other."

Here the appellee association filed the affidavit required by the statute, and in the judgment of the trial court, such affidavit stated sufficient facts to warrant the court in ordering the filing of an appeal bond. The court, therefore, fixed the conditions of the bond,

and such conditions were that the bond should be in the penalty of $3,000; that Markey and Markey should duly prosecute their appeal with effect, and pay any judgment that might be rendered or affirmed against them on such appeal.

Under the facts pleaded, we are inclined to the view, that the bond must be regarded as strictly statutory, and interpreted in the light and within the meaning of the statute. The affidavit filed, upon which the court directed the filing of the appeal bond, showed that after exhausting the property embraced in the mortgage, there would be a deficit of about $1,000. Upon such showing, the court fixed the penalty of the bond at $3,000, and, so far as the record shows, appellants made no objection to the amount of the bond, or the conditions imposed by the court. It further appears, so far as we are able to determine from the record, that the bond is in exact conformity to the order of the court.

Appellants were directed to file a bond in the penalty of $3,000, conditioned that the Markeys would duly prosecute their appeal to effect, and pay any judgment that might be affirmed or rendered against them. The bond provides for this. At the time of the execution, a personal judgment had been rendered against Thomas Markey for $9,301.55 and costs, and a judgment of foreclosure against both him and his wife. While others were personally liable with him, he was individually liable for the payment of any balance remaining unpaid after the sale of the mortgaged property, after the proceeds of such sale had been applied toward the extinguishment of the debt.

It seems evident, therefore, that in requiring the execution of the bond, both the court and parties intended that it should cover any part of the judgment which might be rendered or affirmed against

them, not exceeding $3,000, after the primary security should be exhausted. But if, as appellant contends, the bond was defective or varied in some minor particulars from the order requiring it, such variance or defects are cured by the express terms of the statute. Section 1235 Burns' R. S. 1894, (1221 Horner's R. S. 1897), is as follows: "No official bond entered into by any officer, nor any bond, recognizance, or written undertaking taken by any officer in the discharge of the duties of his office, shall be void for want of form or substance or recital or condition, nor the principal or surety be discharged; but the principal and the surety shall be bound by such bond, recognizance, or written undertaking to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in the bond or recognizance. In all actions on a defective bond, recognizance, or written undertaking, the plaintiff or relator may suggest the defect in his complaint, and recover to the same extent as if such bond, recognizance, or written undertaking were perfect in all respects."

It has been held that this section applies to defective appeal bonds. *Railsback* v. *Greve*, 58 Ind. 72; *Corey* v. *Lugar*, 62 Ind. 60; *Opp* v. *Ten Eyck*, 99 Ind. 345; *Stults* v. *Zahn*, 117 Ind. 297. But more than this, the bond was approved by the court both as to its conditions and surety, and hence appellant's contention that the bond does not conform to the strict order of the court comes too late. See *Hyatt* v. *City of Washington*, *ante*, 148; *Griffin* v. *Wallace*, 66 Ind. 410; *Potter* v. *State*, *ex rel.*, 23 Ind. 550. The bond in suit was a statutory bond, for it was required to be given by a court empowered to make the order, and was taken in pursuance to a statute, and approved by an officer of the law.

In referring to the statute above quoted, Woods, **J.**,

in *Opp* v. *Ten Eyck*, 99 Ind. 345, said: "The force and effect of this section is to cure defects and supply omissions in the class of bonds named, whether the defects and omissions be of form or substance, and to hold the obligors, both principals and sureties, to the full extent of the law requiring the bond. This is the plain interpretation, and so it has been often ruled." Many authorities are cited.

The case of *Smock* v. *Harrison*, 74 Ind. 348, was an action on an appeal bond given on an appeal from the special to the general term of the Marion Superior · Court. The bond there was essentially the same as the one in the case at bar. It was conditioned that the appellants would duly prosecute their appeal and abide by and pay the judgment which should be rendered or affirmed against them. It was held that the amount due on the judgment was the measure of the recovery which could be had upon the bond. The case is directly in point here. Upon the same point see *Bitting* v. *Ten Eyck*, 85 Ind. 357, and *Opp* v. *Ten Eyck*, *supra.* The demurrer to the second and third paragraphs of answer was properly sustained. This disposes of every debatable question in the case.

In the former part of this opinion we stated that no question was presented in the overruling of the motion for a new trial, because the evidence is not in the record. Appellants concede this. The bill of exceptions was approved and signed by the trial judge September 3, 1896, and the record affirmatively shows that the longhand manuscript of the evidence was not filed in the clerk's office until the day following. The longhand manuscript of the evidence not having been filed in the clerk's office before it was embodied in the bill of exceptions, the evidence, under the repeated decisions, is not in the record. Judgment affirmed.

Comstock, J., not present.