## STOCKTON ET AL. *v.* COLEMAN ET AL.

PRACTICE.—*Cause Reversed on Appeal.—Time of New Trial.—Statute Continued in Force.*—This provision in the statutes of 1843 is continued in force by sec. 802, p. 336, 2 G. & H.: "Whenever any cause is reversed in the Supreme Court, in whole or in part, on appeal or writ of error, and sent back for such further proceedings as may require a trial by jury, if the decision and opinion of the Supreme Court in such cause shall have been deposited in the office of the clerk of the inferior court sixty days or more before the first day of any term of such court, such cause shall stand for trial at such term; otherwise it shall be continued until the next term of the court."

APPEAL from the Tippecanoe Common Pleas.

DOWNEY, J.—When a judgment has been reversed in this court, and the cause remanded for a new trial, at what time is the new trial to take place? The answer to this question will dispose of the only point involved in this case.

The appellees sued the appellants, in the common pleas court of Tippecanoe county, on three several promissory notes. The case was tried at the February term, 1870, of said court, and judgment rendered for the appellees, for six thousand seven hundred and eleven dollars and fifty cents. The appellants brought the case to this court on appeal, and the Supreme Court on the 28th day of May, 1872, rendered their opinion reversing the judgment. On the 13th day of June, 1872, the appellees, Coleman and Rainy, filed in writing with the clerk of the Supreme Court a waiver of a petition for rehearing in accordance with the following rule of the Supreme Court. "Rule 25. Opinions and judgments shall not be certified to the court below by the clerk of this court, except in criminal cases, until the expiration of sixty days, unless by order of this court, or on the filing of a waiver of a petition for rehearing, which order of the court, or filing of waiver, shall be certified by the clerk, with the opinion."

On the 15th day of June, 1872, the opinion of the Supreme Court, accompanied with the waiver of filing petition for rehearing by Coleman and Rainy, and duly certified by the

Stockton *et al. v.* Coleman *et al.*

clerk of the Supreme Court, was filed in the court of common pleas of Tippecanoe county, which court was then, and had been in session since the 3d day of June, 1872 ; and, on the 17th day of June, the opinion was spread of record ; and, on the 19th day of June, 1872, appellants' attorneys entered a special appearance and moved the court to continue the case until the next term of the court. This motion was by the court overruled, and appellants excepted.

Trial was afterward had, and judgment for seven thousand one hundred and eighty-eight dollars rendered, under issues made in conformity with the opinion of the Supreme Court.

The appellants moved for a new trial, and in arrest of judgment, each of which motions was overruled, and appellants excepted.

No question arises in the present record involving the merits of the case.

The only question presented is one of practice, and arises upon the action of the court in overruling appellants' motion to continue the cause to the next term of the court by operation of law.

The civil code of 1852 has these sections relating to the question involved :

"Sec. 570. When the judgment is reversed, in whole or in part, the supreme court shall remand the cause to the court below, with instructions for a new trial, when the justice of the case requires it; but if no new trial is required, with particular instructions relative to the judgment to be rendered, and all modifications thereof.

"Sec. 571. When any cause is determined in the Supreme Court, the clerk shall forthwith notify the clerk of the court below that it is determined, and whether reversed or affirmed, in whole or in part, or dismissed; at any time within sixty days after such determination, either party may file a petition for a rehearing ; if not so filed, the decision and instructions of the Supreme Court shall be certified to the court below, unless otherwise ordered by the court." 2 G. & H. 276.

It is also provided, in sec. 315, p. 194, 2 G. & H., that

"every action shall stand for issue and trial at the first term after it is commenced, when the summons has been served on the defendant ten days, or publication has been made for thirty days before the first day of the term."

In *Williams* v. *Port*, 9 Ind. 551, which, contrary to what is supposed by counsel for appellee, was decided under the code of 1852, this court said: "When reversed and remanded, the cause stood upon the docket of the lower court for trial again at the next term, provided it was filed in time. If not filed in time, it stood continued by operation of law."

In *Williams* v. *Jones*, 14 Ind. 363, this court said: "The opinion reversing the judgment was not filed in the court below sixty days before the first day of the term at which the cause was again called up for trial; and it was objected that the fact just stated precluded a trial at the then term. By the code of 1852, notice of the decision of a cause in the Supreme Court is immediately sent to the court below; and, if no petition for rehearing prevent, at the expiration of sixty days thereafter, a copy of the decision is transmitted, accompanied by such instructions as the Supreme Court may give. If a new trial is ordered, it must take place as soon as the court and parties are ready for it. The parties must be taken to be ready, unless they (or one of them) show legal cause for delay. The code is silent on the question of time of trial, further than that the cause must be remanded for further proceedings."

It being true that "the code is silent on the question of time of trial," it is insisted by counsel for the appellant that the enactment on the subject in the statute of 1843 is in force. It is provided, in sec. 802, p. 336, 2 G. & H., that "the laws and usages of this State relative to pleadings and practice in civil actions and proceedings, not inconsistent herewith, and as far as the same may operate in aid hereof, or to supply any omitted case, are hereby continued in force." The provision in the statute of 1843 is not inconsistent with any provision in the code on the subject, for there is no provision covering the point. The section in the statute of

1843, p. 732, is as follows;   "Whenever any cause is reversed in the Supreme Court, in whole or in part, on appeal or writ of error, and sent back for such further proceedings as may require a trial by jury, if the decision and opinion of the Supreme Court in such cause shall have been deposited in the office of the clerk of the inferior court sixty days or more before the first day of any term of such court, such cause shall stand for trial at such term;" otherwise it shall be continued until the next term of the court."

It is very inconvenient to have no certain rule on this subject.   It is according to the spirit of our laws to give parties a reasonable time in which to prepare for the trial of causes. Hence the section of the code above quoted requiring the process to be served ten days, or publication made thirty days before the first day of the term, to justify any steps in the cause at such term.   It is a hardship to a party to be required to be on the lookout during the whole of a term of the court lest the other party should try the cause in his absence.   We see no reason why the section quoted from the statute of 1843 should not be regarded as in force to supply this omitted case.   This section in the statute of 1843, and the provision in the code continuing it in force, seem not to have been suggested to the court in the cases to which we have referred, or doubtless the question would have been then disposed of on these grounds.

The judgment is reversed, with costs, and the case remanded, with instructions to grant a new trial and to proceed in accordance with this opinion.

*J. A. Stein, J. R. Coffroth,* and *T. B. Ward,* for appellants.

*W. C. Wilson* and *J. H. Adams,* for appellees.