HUDELSON ET AL., ADMINISTRATORS, *v.* ARMSTRONG ET AL., ADMINISTRATORS.

JOINT PROMISSORY NOTE.—*Surety not Discharged from Liability by Death.* —In this State, the death of a surety on a joint promissory note does not discharge his estate from liability upon the same, the common-law rule in regard to the discharge of joint promisors and obligors having never been a part of the law of this State.

SAME.—*Statute in Force.*—Section 467 of the Revised Statutes of 1843, p. 573, in regard to joint promisors and obligors, was continued in full force by the provisions of sec. 802 of the practice act, 2 R. S. 1876, p. 314.

From the Gibson Circuit Court.

*W. M. Land, C. A. Buskirk* and *J. W. Ewing,* for appellants.

*W. H. Trippet, J. E. McCullough, L. C. Embree* and *M. W. Field,* for appellees.

HOWK, C. J.—In this action, the appellants sued the appellees upon a promissory note, of which the following is a copy:

"$3,399.08.               MARSH CREEK, Nov. 11th, 1873.

"Three years after date, we promise to pay to the order of W. H. & J. F. Hudelson, administrators of the estate of Samuel Hudelson, deceased, the sum of thirty-three hundred and ninety-nine $\frac{08}{100}$ dollars, with five per cent. attorney's fees if suit be instituted on this note, value received, without any relief whatever from valuation or

appraisement laws, with interest at the rate of ten per cent. per annum from date. The drawers and endorsers severally waive presentment for payment, protest, and notice of protest and non-payment of this note. Interest to be paid yearly.

(Signed,)        " WILLIS ARMSTRONG.

" W. S. ARMSTRONG."

In their complaint, the appellants alleged, *inter alia*, that, before the commencement of this suit, William S. Armstrong, one of the makers of the note sued on, had departed this life, testate, and that the appellees Warrick Armstrong and John F. Armstrong had been duly appointed and qualified as the administrators of said decedent's estate; and that the note, less certain admitted credits thereon, was due and unpaid. Wherefore the appellants asked judgment against Willis Armstrong, the surviving maker of said note, and for an allowance against the estate of said William S. Armstrong, deceased, for the amount found due on the note in suit.

There was a judgment by default, against the defendant Willis Armstrong, for the amount due on the note.

The appellees Warrick Armstrong and John F. Armstrong, administrators as aforesaid, answered in two paragraphs, of which the first was a general denial, and the second paragraph stated special matter by way of defence. The appellants demurred to the second paragraph of said answer, for the alleged insufficiency of the facts therein to constitute a defence to their action, which demurrer was overruled by the court, and to this ruling they excepted. They then replied to the second paragraph of answer, and the cause, being at issue, was tried by the court, resulting in a finding and judgment for the appellees.

The only error assigned by the appellants in this court is the decision of the circuit court in overruling their

demurrer to the second paragraph of the appellees' answer.

In this second paragraph of their answer, the appellees alleged, in substance, that their testator, William S. Armstrong, executed the note in suit jointly with the said Willis Armstrong and as his surety, and for no other consideration whatever; that the said Willis received the entire consideration of said note ; that the said William S. Armstrong died, leaving his co-maker of the note, the said Willis, surviving him. Wherefore the appellees asked judgment for costs.

It will be readily seen, we think, from the allegations of this second paragraph of answer, that it proceeded upon the theory, that the common law of England, in regard to the effect of the death of a surety bound jointly, but not severally, with his principal, upon a promissory note or other written contract, was and is the law of this State, on that subject. At common law, upon the death of the surety thus bound, his estate was absolutely discharged from all liability on such note or contract, and the survivor or survivors were alone responsible thereon. *Getty* v. *Binsse*, 49 N. Y. 385 ; *Wood* v. *Fisk*, 63 N. Y. 245 ; *The United States* v. *Price*, 9 How. 83 ; *Pickersgill* v. *Lahens*, 15 Wal. 140 ; and *Fielden* v. *Lahens*, 6 Blatchf. 524.

By "An act declaring what laws shall be in force," approved January 2d, 1818, it was provided, " That the common law of England, all statutes or acts of the British Parliament made in aid of the common law, prior to the fourth year of the reign of King James the First, excepting the second section of the sixth chapter of forty-third Elizabeth, the eighth chapter, thirteenth Elizabeth, and ninth chapter, thirty-seventh Henry Eighth, which are of a general nature, not local to that Kingdom, and not inconsistent with the laws of this State ; and, also, the several laws in force in this State shall be the rule of

decision, and shall be considered as of full force until repealed by legislative authority." This act was never changed, in any respect, until the Revised Statutes of 1852 took effect, on the 6th day of May, 1852; but it was brought forward and embodied, *in haec verba*, in every prior revision of the statutes of this State. R. S. 1843, p. 1030. By "An act declaring the law governing this State," approved May 31st, 1852, the aforesaid act of January 2d, 1818, with some changes in form and phraseology, was substantially re-enacted. 1 R. S. 1876, p. 605.

But the common-law rule, above referred to, whereby, if one of two or more joint promisors or obligors should die, his representatives were at law discharged, and the survivor or survivors alone could be sued, has never been, as we think, a part of the law of this State. By section 2 of "An act concerning joint rights and obligations," approved December 30th, 1817, it was provided, as follows:

"Sec. 2. That the representative or representatives of one jointly bounded with another for the payment of debt or for performance or forbearance of any act, or for any other thing, and dying in the lifetime of the latter, may be charged by virtue of such obligation, in the same manner as such representatives might have been charged, if the obligors had been bound severally as well as jointly." R. S. 1838, pp. 357 and 358.

No change whatever appears to have been made in this act, from the date of its approval, until the Revised Statutes of 1843 took effect; when said section 2, above quoted, was in substance re-enacted in section 467, of chapter 30, of that revision, which section reads as follows:

"Sec. 467. When two or more persons shall be indebted or bound in any joint note, contract, or covenant, for the payment of any money, or the performance or forbearance of any act or thing, or upon any judgment founded upon any such note, contract, or covenant, and either of them

shall die, his estate, executors, or administrators, shall be liable therefor, as if such note, contract, or covenant had been joint and several, or as if such judgment had been obtained upon a joint and several note, contract, or covenant." R. S. 1843, p. 573.

This section continued in full force and unchanged in any respect, at least until the 6th of May, 1853, when the Revised Statutes of 1852 came in force, and, if not repealed thereby, it is still in force as a part of the law of this State. It may well be said, we think, that said section 467, above quoted, was not repealed, but was in fact continued in full force, by the provisions of section 802 of the practice act of June 18th, 1852. In this latter section it is provided, that " The laws and usages of this State relative to pleadings and practice in civil actions and proceedings, not inconsistent herewith, and as far as the same may operate in aid hereof, or to supply any omitted case, are hereby continued in force." 2 R. S. 1876, p. 314. It is certain that there is no inconsistency between the provisions of said section 467 and the provisions of the practice act, now in force; possibly, it might be said that the former would operate in aid of the latter and supply an omitted case therein. In such cases, it has often been held by this court, that different sections of the Revised Statutes of 1843 would be and were continued in force, under and by virtue of said section 802 of the practice act. *Patterson* v. *Crawford*, 12 Ind. 241; *Stockton* v. *Coleman*, 42 Ind. 281; *Chidester* v. *Chidester*, 42 Ind. 469; and *Belton* v. *Smith*, 45 Ind. 291.

We are clearly of the opinion, that the General Assembly never intended, in and by the enactment of the Revised Statutes of 1852, to repeal the rule of law in relation to joint obligations, first enunciated in said section 2, above quoted, of the above entitled act of December 30th, 1817, and re-enacted in said section 467, above quoted, of the

Revised Statutes of 1843, and thus continued in force as the recognized law of this State for nearly forty years. That this is so, is shown at least by strong implication, as it seems to us, by the provisions of section 227 of the practice act, which reads as follows:

"Neither a joint debtor or his representatives, in whose favor the statute of limitations has operated, shall be liable to a joint debtor or surety, or their representatives, upon payment by such joint debtor or surety or their representatives, of the debt or any part of it." 2 R. S. 1876, p. 130.

It is clearly implied, in and by the terms of this section, that the representatives of a deceased joint debtor, in whose favor the statute of limitations will not operate as a defence, shall be liable to a joint debtor or surety, or their representatives, upon payment by them, or either of them, of the debt or any part of it. What is thus so clearly and strongly implied is utterly inconsistent with the existence of the common-law rule, before stated, as a part of the law of this State; while it is in perfect harmony with the provisions of said section 467, above quoted, of the Revised Statutes of 1843. We are of the opinion, therefore, that this latter section, for the purpose of supplying an omission in the code of 1852, may and ought to be regarded as continued in full force, under the provisions, above quoted, of said section 802 of the practice act. This conclusion will harmonize well with sections 782 and 783 of the practice act, and the construction given to those sections by this court, in the recent case of *McCoy* v. *Payne*, 68 Ind. 327.

It follows of necessity, from what we have said, that the court erred, as we think, in overruling the appellants' demurrer to the second paragraph of the appellees' answer.

The judgment is reversed, at the appellees' costs, and

the cause is remanded, with instructions to sustain the demurrer to the second paragraph of answer, and for further proceedings in accordance with this opinion.

Opinion filed at November term, 1879

Petition for a rehearing overruled at May term, 1880.