Redman *v.* Marvil, Administrator.

cuit court, where a trial was had and a verdict and judgment rendered, on the 25th day of January, 1878, in favor of appellee, for forty-five dollars.    Trial was had since the act of March, 1877, went into force ; the amount in controversy is less than fifty dollars ; the action originated before a justice of the peace, and, therefore, this appeal will not lie.

It is true that the complaint claims eighty dollars, but the judgment appealed from was for forty-five dollars, and with it the appellee was content.    The only amount in controversy, therefore, is the sum of forty-five dollars.    The appellee is claiming the payment of that sum and no more, and the appellant is simply resisting payment of that sum, for nothing is claimed by way of counter-claim or set-off. If the appeal fails, the appellee can get no more than forty-five dollars, interest, and costs ; if it succeeds, the appellant escapes payment of that sum, interest and costs.    *Halleck* v. *Weller*, 72 Ind. 342.

The appeal is dismissed, at the costs of appellant.

Opinion filed at November term, 1880.

Petition for a rehearing overruled at May term, 1881.

---

No. 8280.

## REDMAN *v.* MARVIL, ADM'R.

JOINT PROMISSORY NOTE.—*Death of Surety.—Decedents' Estates.—Statute Construed.*—Under section 783, 2 R. S. 1876, p. 309, the death of a surety on a joint promissory note does not discharge his estate from liability thereon.

From the Gibson Circuit Court.

*W. M. Land, C. A. Buskirk* and *J. W. Ewing*, for appellant.

*J. E. McCullough, L. C. Embree* and *M. W. Fields*, for appellee.

MORRIS, C.—The appellant sued the appellee, as administrator of Newton A. Wasson, and one James L. Wasson, upon a note for $341.50, executed to him by the said James L. and Newton A. Wasson jointly, but not jointly and severally.

The parties were duly served with process. James L. Wasson made default, and the appellee answered the complaint in two paragraphs : 1st, the general denial ; 2d, that Newton A. Wasson, appellee's intestate, executed the note as the surety of James L. Wasson ; that he received no part of the consideration for which it was given, and died before the commencement of this suit, leaving the said James L. Wasson, the principal maker of the note, surviving him.

The appellant demurred to the second paragraph of the appellee's answer, on the ground that it did not state facts sufficient to constitute a defence to the action. The court overruled the demurrer, and the appellant excepted.

The appellant then dismissed the suit as to James L. Wasson, refused to reply to the second paragraph of the appellee's answer, and judgment was rendered against him, and in favor of the appellee, for costs. Redman appealed to this court, and assigns as error the ruling of the court below upon the demurrer.

The question presented for decision here is, was the estate of Newton A. Wasson, upon the facts stated in the second paragraph of appellee's answer, liable on the note sued upon ? It is conceded, that, at common law, the estate of Newton A. Wasson would not be liable ; but the appellant insists that this rule of the common law has been changed by section 783 of the code.

In the case of *McCoy v. Payne*, 68 Ind. 327, decided since this appeal was taken, this precise question was decided, the court holding that the estate of the deceased joint

maker of a note is liable. See, also, *Hudelson* v. *Armstrong*, 70 Ind. 99. We approve this decision, and conclude that the judgment below should be reversed.

PER CURIAM.—It is ordered by the court, that, upon the foregoing opinion, the judgment below be, and the same is in all things hereby, reversed, at the costs of the appellee, and this cause is remanded for further proceedings.