Argued October 30, reversed November 13, 1917.

## McLAUGHLIN v. HEAD.

(168 Pac. 614.)

**Executors and Administrators—Payment of Debts—Joint Notes.**

1. The administrator of a deceased joint maker of a note was not liable and could not be sued thereon.

**Limitation of Actions—Tolling Statute—Payment by Administrator on Joint Note.**

2. Where one of two joint makers of a note died, his administrator, not being liable on the note, could not toll the statute of limitations by making a partial payment on the note, since in doing so he was a volunteer, and would have been liable to the estate for the money unlawfully paid out.

[As to part payment by executor or administrator, see note in Ann. Cas. 1912A, 18.]

From Gilliam : David R. Parker, Judge.

Action by Rachel E. McLaughlin against William Head upon a joint note signed by J. C. Lewis and the defendant. A demurrer was interposed and being overruled the defendant declined to further plead and from the resulting judgment appealed. Reversed.

In Banc. Statement by Mr. Chief Justice McBride.

This is an action to recover a balance due upon a promissory note. The facts are as follows : On Feb-

ruary 1, 1908, J. O. Lewis and William Head executed, in favor of the plaintiff, their promissory note for $400 with interest at 8 per cent per annum, payable one year after date. On February 1, 1909, the interest was paid to that date, and no other payments were made until January 25, 1911, when the administrator of the estate of J. O. Lewis paid the sum of $84.07, which was duly indorsed upon the note. On January 29, 1916, this action was instituted, and a demurrer was interposed upon the grounds: (1) That the action was barred by the statute of limitations; and (2) that there was a defect of parties defendant. The demurrer being overruled the defendant declined to plead further and appeals.

REVERSED AND DISMISSED.

For appellant there was a brief and an oral argument by *Mr. Robert R. Butler.*

For respondent there was a brief over the name of *Messrs. Shanks & Horner,* with an oral argument by *Mr. Murray D. Shanks.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1, 2. The note was purely a joint one and not joint and several, and the administrator of Lewis was not liable and could not have been sued thereon: 8 Corpus Juris, 851; 9 Cyc. 653; 6 R. C. L. 880; *Portland Trust Co.* v. *Havely,* 36 Or. 234 (59 Pac. 466, 61 Pac. 346). The administrator of Lewis took his estate absolutely unencumbered by this debt, and he could not revive it or in effect create a new obligation by making an unlawful payment upon an obligation from which the estate had been discharged. In this respect he was a mere volunteer without any interest in the subject matter

and liable to the estate for the money unlawfully paid out. The estate not being a joint debtor a payment made by the administrator was ineffectual to toll the statute. This is the effect of the reasoning in the leading case of *Slater* v. *Lawson,* 1 Barn. & Adol. 396, 20 E. C. L. 533, and in *Hathaway* v. *Haskell,* 9 Pick. (26 Mass.) 42, although both of these cases go further and apply the rule to notes which are joint and several as well as to those which, like the one in suit here, are strictly joint. The case of *Sutherlin* v. *Roberts,* 4 Or. 378, is cited as laying down a contrary doctrine, but when examined closely it does not appear that the particular question here involved was discussed or considered. Roberts and his wife had executed a joint note and a mortgage to secure the same. Roberts died and two years after the note became due his executors paid out of the proceeds of a sale of the real property the sum of $960 upon the note. The plaintiff brought suit against Mrs. Roberts to foreclose the mortgage against her half of the donation claim of herself and her deceased husband, his separate realty having already been sold to pay debts of the estate and applied upon the note above mentioned. Upon demurrer, as appears from the briefs, it was urged that the payment by the administrator was an involuntary payment, and, therefore, did not toll the statute. This was the sole question raised or discussed in the opinion, and court and counsel seem to have assumed that the estate of a deceased joint debtor was liable upon such joint obligation to the same extent as if it had been sole or joint and several, which concededly is not the case as to a simple contract debt. It will be noticed also that in *Sutherlin* v. *Roberts* there was a mortgage given by the deceased which bound the land irrespective of the note, and that the

debt evidenced was a charge upon the land as well as a simple contract debt evidenced by the note. The pleader who drew the complaint in that case may have had in mind the proposition that while the death of the joint tenant may have released his estate generally from liability upon the note, it could not have the effect to release his realty from the lien of the mortgage he had placed upon it; and such would seem to be the law. The court concludes its opinion by saying:

"We think any person who could be compelled by law to pay the note is competent to make the payment contemplated"

—meaning thereby a payment sufficient to toll the statute of limitations. In the case at bar the administrator could not have been compelled to pay the note. A complaint against him and this defendant would have been promptly dismissed on demurrer so far as the administrator was concerned. The payment made by him was incompetent to revive the debt against the estate, and much less so to toll the statute as to defendant. *In re Colket's Estate,* 217 Pa. St. 643 (66 Atl. 980), is cited by plaintiff as sustaining the proposition that the administrator of a deceased joint obligor can be eventually made to pay the share of the decedent's joint obligation; but that case turned, not upon the relation of the deceased to the payee of the joint promissory notes, but upon a contract or understanding between him and his co-obligee that as between themselves they would bear the burden of payment equally, the notes having been given for the mutual benefit of both. The question of the revival of a dead obligation was not involved. The case of *Sheak* v. *Wilbur,* 48 Or. 376 (86 Pac. 375, 11 Ann. Cas. 58), is not in point, for the reason that the promissory note in suit was not a joint note, but a joint and

several one, concerning which a different rule applies. In *Partlow* v. *Singer*, 2 Or. 307, the note in suit was a joint and several note, and the payment was made by one of the makers before the statute of limitations had run and by a maker who was then liable and who could have been sued. It was held that such a payment kept the remedy alive as to all the makers. In *Scott* v. *Christenson*, 49 Or. 223 (89 Pac. 376, 124 Am. St. Rep. 1041), the action was upon a joint and several obligation, and a payment by one of the makers within six years before the bringing of the action was held to revive the note as to both makers. The payment was made before the statute of limitations had run. It was held that a payment by one maker tolled the statute as to both. In the two cases last mentioned the notes are referred to and termed ''joint'' notes, but an inspection of the files here shows that both were joint and several notes, and no question as to the effect of a payment by the executor of a deceased joint maker arose.

We, therefore, conclude that the question of the efficacy of such an indorsement to keep alive the remedy as against the surviving joint maker is still *res integra* in this state, and that for the reasons already given it should be resolved against the contention of plaintiff. To hold otherwise would be, in effect, to say that a payment which did not revive the debt as against the party making it would be effectual to bind the comaker of the note.

The judgment of the Circuit Court is reversed, the demurrer will be sustained, and the action dismissed.

REVERSED AND DISMISSED.