**YODER v MEDBURY-WARD CO**

Ohio Appeals, 6th Dist, Lucas Co
No. 2532. Decided June 1, 1931

W. H. McLellan, Jr., and Cotter & McFellin, Toledo, for Yoder.

Williams, Eversman & Morgan, Toledo, for Medbury-Ward Co.

LLOYD, J.

The undisputed facts are that the note covered an existing prior indebtedness of Mr. Yoder to the plaintiff plus an additional sum of $750.00 and that upon delivery of the note to the president of plaintiff, Yoder received the $750.00 and was given credit for the remaining portion of the principal amount of the note upon his prior indebted-

ness to the plaintiff. There is no evidence that the president of plaintiff at any time saw or discussed with defendant the execution or the purpose of the note or at any time gave any directions or suggestions to Mr. Yoder, other than to request that the proposed note be signed by himself and defendant; and that its president was the only representative or agent of plaintiff who had any part in the transaction on behalf of the plaintiff company, is unquestioned.

Our conclusion is that these facts warranted the trial judge in deciding that Mr. Yoder was not the agent of plaintiff in obtaining the signature of Mrs. Yoder to the note and that whatever if any, conversation occurred between Mr. and Mrs. Yoder as to the purpose of the note could not affect the legality of the delivery thereof to plaintiff or raise any issue as to failure of consideration therefor in whole or in part.

Considering now the other question made in brief and argument of counsel for plaintiff in error as to whether, the note being joint in terms and one of the joint obligors having theretofore died, plaintiff can maintain its action against the surviving obligor alone, we find that "at common law the death of one of the joint makers of an obligation extinguished all remedy at law against his estate," and that "no action at law could be maintained against his personal representative, either jointly with the survivor or by a separate suit."

**Burgoyne, Admr. v Insurance Co., 5 Oh St, 586;**

**Cornfeldt v Rihacek, Vol. 36 Court of Appeals Opinions, 6th District, unreported, p. 387;**

Nadstansk v Frank, Admr., 130 Ore., 669; 67 A L R, 599, and annotation at page 608.

As said in Chatfield, Admr., v Faran, Admr., 1 Disney, 488:

"Before the adoption of the code, a joint action at law could not be sustained against surviving co-obligors and the representatives of a deceased obligor, because there could be no joint judgment and execution, there being no personal liability on the part of the representative; nor would equity interfere against the representatives until the survivors had been prosecuted, at law to insolvency. Because, otherwise, the remedy at law against the survivors was complete."

By §10733, GC, this common law rule was abrogated, it being thereby provided that the estate of a deceased joint debtor shall be liable as if the contract had been joint and several. This statute does not relate to and in no way affects the common law liability of surviving joint obligors. It merely creates a liability against the estate of a deceased obligor which did not theretofore exist.

The judgment of the Court of Common Pleas, therefore, should and accordingly will be affirmed.

RICHARDS and WILLIAMS, JJ, concur.